JOHN J. KADLIC
Reno City Attorney
JACK D. CAMPBELL
Deputy City Attorney
Nevada State Bar #4938
Post Office Box 1900
Reno, NV 89505
(775) 334-2050
*Attorney for City of Reno, Officers Carranza and Miller*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIS RIOS and VICTOR CASTANEDA | Case No. 3:06-cv-00647-BES-RAM |
| Plaintiffs, | |
| vs. | |
| CITY OF RENO, RPD OFFICERS GEORGE CARRANZA AND OLIVER MILLER, AND WASHOE COUNTY DEPUTY JACK BUELL, | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

Plaintiffs, LUIS RIOS and VICTOR CASTANEDA by and through their undersigned counsel, Terri Keyser-Cooper, and Defendants, CITY OF RENO, RPD OFFICER GEORGE CARRANZA and RPD OFFICER OLIVER MILLER by and through their undersigned counsel, JOHN J. KADLIC, Reno City attorney and JACK D. CAMPBELL, Deputy City Attorney, WASHOE COUNTY DEPUTY JACK BUELL, by and through his undersigned counsel, BRIAN BROWN, Washoe County Deputy District Attorney, hereby agree and stipulate to the entry of a Protective Order as follows:

I. Reason for the Order: The Parties have requested or may request production of documentation that the Parties contend includes confidential information or highly personal private information, including but not limited Gang Intelligence files, photographs, employment

records, and possibly other documentation that the Parties would object to production of this confidential and private documentation, or seek a protective order, if the documentation described herein were not protected by this stipulation and order. The purpose of this stipulation and order is to facilitate the Parties in the discovery process. However, the mere existence of this protective order does not waive Defendants' right to object to production and redact certain documentation or information. If any such objection is made and the parties are unable to agree, the production or protection of the document or information shall be submitted to the court for review and decision concerning production or protection.

II. Confidential Documentation and Information:

A. Parties may subject any documentation they have previously produced or produce hereafter to the protections of this stipulation and order by:

1. Marking the document as "Confidential", or

2. By designating the document as Confidential, and subject to this stipulation and order in writing, either by letter or in any pleading or paper filed with the court. The documents subject to the claim of confidentiality shall be identified either by clearly describing the document or by referring to the document by its Bates-stamp numbers, (e.g., COR-0000).

B. Documents designated as set forth above shall hereafter be referred to as the "confidential documentation". The term "confidential documentation" shall include any information ("confidential information") obtained from the confidential documentation, and this protective order prohibits the use or disclosure of such confidential information to the same extent as the confidential documentation.

III. General Prohibition:

Confidential documentation shall be used solely for the preparation, prosecution and defense of the present case. Except as specified in § IV, below, access to the foregoing documents and information shall be limited to the Court, its officers, counsel for the parties, the parties' litigation representatives and principals, their staff members assisting in the preparation, prosecution and defense of this case, and expert witnesses. Except as specified below, no person with access to the foregoing information shall make any copies of any documents, photographs,

or information, nor shall any such person disclose the contents of any such documents or information to any other person.

  IV. Third Party Access: Counsel for any party may give access to the confidential documents to independent experts and their staff, consulting firms, or other independent contractors actually retained or employed to advise or assist such counsel and to whom it is necessary that the confidential documents be disclosed for purposes of this case, provided that:

    A. Before access to the confidential documents are given to any person pursuant to this paragraph, that person shall be informed by counsel proposing to give access of, and shall agree to be bound by, the following provisions:

      1. He or she shall not disclose the confidential documents or information to any person to whom this Stipulation and Protective Order does not provide access;

      2. He or she shall make no copies, compilations or summaries of the confidential documents and information, except in connection with the preparation, prosecution and defense of this case and if such copies, compilations or summaries are made, neither those documents, nor the information contained therein shall be disclosed to any person other than those permitted by this Stipulation and Protective Order;

      3. He or she shall return all copies, compilations or summaries of the confidential documents and information contained therein to the party who originally produced the information. He or she shall then erase and/or destroy all electronic copies, compilations, or summaries containing the confidential information.

    B. Before access to the confidential documents and information is given to any person by any party, or their or its counsel, the person shall execute and file with counsel proposing to give such access, a declaration that he or she has read this Stipulation and Protective Order, and that he or she agrees to be bound by its provisions.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

V. Amendment: This Stipulation and Protective Order shall prohibit disclosure to all persons other than those set forth herein. The parties may amend this Stipulation and Order upon consent or upon application to the Court in which this action is pending. Subsequent parties to this litigation may be given documents subject to this Stipulation and Protective Order, provide they first file with the court a Stipulation to be bound by the terms of this Stipulation and Protective Order

VI. Use of Confidential Documentation: Nothing in this Stipulation and Protective Order shall prohibit counsel for the parties from using any of the confidential information and documents in connection with any deposition, application, motion, hearing, or trial in this action, provided that in the event that any such documents or information is used in connection with a deposition, or filed or otherwise lodged with the Court, it shall be filed or lodged under seal pending further order and shall be labeled, "**CONFIDENTIAL - NOT TO BE DISCLOSED EXCEPT SUBJECT TO STIPULATED PROTECTIVE ORDER.**" In the event any confidential document or information is used in connection with a deposition, the deposition shall be conducted outside the presence of any person not directly involved in litigation other than the court reporter and persons agreed to between the parties. All portions of the deposition transcript and exhibits relating to the confidential information and documents referenced herein shall be designated, "**CONFIDENTIAL.**"

VII. Within thirty (30) days after any judgment is entered in this matter, resolution is reached, or the appeal process is concluded, whichever is later, all confidential information and documents received by either party including all notes, transcripts, tapes, other papers, and any other medium containing, summarizing, excerpting, or otherwise embodying any confidential information or documents as defined herein, or its contents so furnished, subject to future revision by the court or parties hereto, shall be returned to the producing party, and all electronic copies shall be erased and/or destroyed. This requirement does not include work product of legal counsel, which shall be maintained in confidence.

IX. Should any party who is not a party to this Stipulation and Protective Order seek access to the confidential information and documents referenced herein, by request, subpoena or otherwise, from any party to the Stipulation and Protective Order, that party shall: (a) promptly

**Reno City Attorney**
P.O. Box 1900
Reno, NV 89505

-4-

notify the party which produced the confidential information and documents of the request or subpoena; and shall (b) inform the requesting party of the existence of this protective order.

      X.    This Stipulation shall be effective upon signing and shall be made an order of this Court.

DATED this 15th day of February, 2007.          DATED this 12 day of February, 2007.

LAW OFFICE OF                              JOHN J. KADLIC
TERRI KEYSER-COOPER              RENO CITY ATTORNEY

By: *Diane M Williamson*                 By: *Jack Campbell*
Terri Keyser-Cooper, Esq.               JACK D. CAMPBELL
Law Office of Terri Keyser-Cooper     Deputy City Attorney
100 N. Arlington Avenue – 10F         P.O. Box 1900
Reno, Nevada 89501                    Reno, Nevada 89505
(775) 337-0323                            (775) 334-2050
*Attorney for Plaintiffs*                    *Attorneys for Defendants
                                        City of Reno, Carranza,
                                        and Miller*

By: *Brian Brown*
Brian Brown
Deputy District Attorney
Civil Division
PO Box 30083
Reno, NV 89520-3083
*Attorney for Deputy Jack Buell*

## ORDER

IT IS SO ORDERED.

Dated this 15th day of February, 2007.

_____
UNITED STATES MAGISTRATE JUDGE